## Peter Myreen v. F. P. Smith, doing business as F. P. Smith Wire & Iron Works.

### Gen. No. 12,508.

1. EXCEPTION—*what necessary to review a judgment on the facts.* To bring for review, on the facts, the record of a judgment when the case was tried by a jury, there must be an exception to the order denying the motion for a new trial; when the case was tried by the court, there must be an exception to the judgment.

2. SAFE PLACE TO WORK—*what servant may assume.* A servant is entitled to assume that the place where he has been ordered to work is reasonably safe; he is not bound to make a careful inspection of the place and its surroundings before entering upon such work, but he is bound to use reasonable care to discover danger and protect himself against it.

Action on the case for personal injuries. Error to the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded. Opinion filed June 12, 1906.

**Statement by the Court.** This is a writ of error sued out by the plaintiff in the Circuit Court, to reverse a judgment of that court, upon a directed verdict for the defendant in an action on the case to recover for injuries alleged to have been sustained by the plaintiff, an employee, through and by reason of the alleged failure of the defendant, his employer, to use reasonable care to furnish plaintiff a reasonably safe place in which to work, or to inform him of the danger connected with his place of work.

The Tribune building was at the time of the accident nearly completed; the defendant was a subcontractor for iron work in the building, and the plaintiff an architectural iron worker in the employ of the defendant. East and in the rear of the Tribune building was an alley running north and south about fourteen feet wide. The Tribune building was sixteen stories, the buildings on the east side of the alley six stories high. There was in the east side of the Tribune building a covered recess, forty feet long on the alley, about twenty-five feet deep and fifteen feet high,

its floor on a level with the surface of the alley. There was a platform fifteen feet wide on the west side and one nine feet wide on the south side of the recess. In the southwest corner of the recess was an elevator shaft about nine feet square, enclosed on the south and west sides by the walls of the building, on the north by a brick wall, and open on the east side. The wall on the north side of the shaft was about twelve feet long, extended east about three feet beyond the east side of the shaft and to within three or four feet of the east edge of the west platform. These platforms were of the same height, the height of an ordinary wagon bed, and formed a continuous level platform along the south and west sides of the recess with the elevator shaft at their intersection. A person going from the door of the building which opened on to the west platform over that platform to the south platform and on that platform to the alley, when passing around the east end of the wall which enclosed the elevator shaft on the north, would go about three feet east and in front of the east side of the open elevator shaft.

Plaintiff was employed in laying plates of iron on the floor of the pressroom, which was twenty-five feet or more below ground. A wagon of the defendant, loaded with iron plates, drove alongside the east end of the south platform and plaintiff was directed by his foreman to go up and assist in unloading said plates. Plaintiff went upstairs, passed out on to the west platform and over that platform around the east end of the brick wall to the south platform and over that platform to its east end, where the wagon was. The plates had holes in them, were of different sizes, and to move a plate a workman used a hook, which was a rod or bar of iron with one end turned down so that it would go into a hole in the plate. Plaintiff took his hook with him when he left the basement, and with it pulled several of the smaller plates from the wagon. Before the wagon was unloaded the foreman sent Mohan, another iron worker, to assist plaintiff. Plaintiff and Mohan came to a plate nine feet long, five feet wide and about half an inch

thick, which lay lengthwise of the wagon, and it required
the strength and efforts of both of them to pull it off from
the wagon.    Mohan put his hook in a hole in the plate near
its northwest corner; plaintiff, who was on his right, put
his hook into a hole near to that in which Mohan had his
hook, and they pulled. the north end of the plate to the
south until the plate lay crosswise of the wagon, and then
pulled it to the west to pull it off from the wagon and on
the top of the pile of plates which had been pulled off and
lay alongside of the wagon.    When the plate was pulled
far enough west, so that its end came down upon the
other plates, both plaintiff's hook and Mohan's slipped
out of their holes, or were thrown out by the fall of the
plate upon the pile of plates, and both plaintiff and Mohan
staggered backwards towards the open shaft.    The fore-
man caught Mohan just in time to prevent him from fall-
ing into the shaft, but plaintiff fell into the shaft, and was
thereby severely injured.

Plaintiff had worked at the building one day, and this
was the first wagon that he assisted to unload.    He testi-
fied that he did not know that there was any shaft in the
recess, that he did not notice the shaft as he passed in front
of it on his way to the wagon, and it is not claimed that
any notice of the shaft was given him, although the fore-
man of the defendant was present at and for some time
before the accident.    Plaintiff had been at work unloading
the wagon ten or fifteen minutes before he was hurt, and
testified that all that time he had his face toward the
wagon.    Mohan and defendant's foreman testified that in
pulling plates off from a wagon with a hook, the hook oc-
casionally slipped out of the hole.

J. A. Bloomingston, for plaintiff in error.

E. E. Gray, F. J. Canty and J. C. M. Clow, for defend-
ant in error.

Mr. Justice Baker delivered the opinion of the court.

Plaintiff excepted to the ruling of the : court denying his

motion for a new trial, and counsel for defendant in error
insist that because he did not except to the entry of the
judgment, the judgment must be affirmed.   To bring for
review, upon the facts, the record of a judgment where the
case was tried by a jury, there must be an exception to the
decision overruling the motion for a new trial.   To bring
for review, upon the facts, the record of a judgment where
the case was tried by the court, there must be an exception
to the judgment.  Error could not at common law be as-
signed upon the decision of the court overruling a motion
for a new trial, and the right to assign such error now in
this state rests upon section 61 of the Practice Act under
which the exception must be " to the decision of the court
overruling the motion for a new trial."   The right to assign
for error the decision of the court upon questions of fact, in
cases tried by the court, rests upon section 60 of the Prac-
tice Act, which provides that such exception shall be taken
" to the final judgment of the court upon the law and the
evidence."   Under these sections it has been often held by
the Supreme Court and by this court, that an exception to
the judgment avails nothing in a case tried by a jury, and
that an exception to the motion to set aside the finding
avails nothing in a case tried by the court.   The plaintiff
took his exception in this case in the manner provided by
the statute to authorize him to assign for error the decision
of the court overruling his motion for a new trial.

The counts relied upon are the second and sixth counts
of the second amended declaration.   These counts allege in
substance that the F. P. Smith Wire and Iron Works were
engaged in placing plates in the Tribune building and were
unloading iron plates from a wagon at a platform in close
proximity to an elevator shaft, which was open and un-
guarded and dark and not easily observed, same having a
depth of thirty feet; that plaintiff was engaged in unloading
the wagon, and in the employ of the F. P. Smith Wire and
Iron Works, using a certain hook furnished by his employer;
that it was the duty of his employer to use care to furnish
him with a reasonably safe place to work and to inform

him of the danger connected with his place of work, and
to inform him of the unprotected elevator shaft; that his
employer failed in this respect, and failed to warn him of
the danger, and to protect the shaft, which was a danger-
ous place, and dark and not noticeable, which defendant
knew and of which plaintiff was ignorant, so that the
plaintiff, while in the exercise of all due care and caution
for his own safety was lifting certain plates, by reason of
the negligence of his employer, as aforesaid, he fell into
the shaft and was injured.

The plaintiff properly stood, when he put his hook in a
hole in a plate, with his face to the wagon and his back to
the elevator shaft, and stepped backward as the plate came
off from the wagon.    The evidence is that other hooks had
slipped out of holes in iron plates under similar circum-
stances and that this was known to defendant's foreman.
From the side of the wagon to the open shaft was but fif-
teen feet; plaintiff had a hook in his hand; the end of the
plate had been pulled off from the wagon and it is proba-
ble that it was less than ten feet from the place where
plaintiff was when his hook slipped, to the shaft.    Whether
this platform, with an open, unprotected elevator shaft but
fifteen feet from the wagon, was a reasonably safe place
for plaintiff to do the work he was directed to do and in
which he was engaged when he was hurt was, we think, a
question of fact for the jury, as was the question whether
the defendant was guilty of negligence in directing plaint-
iff to do that work at that place without either placing a
barrier before said shaft or notifying plaintiff of the exist-
ence of the shaft.    The question as to whose duty it was,
as between the different contractors, to place a barrier in
front of the shaft is immaterial.    It was the duty of the
defendant to use reasonable care to furnish plaintiff a rea-
sonably safe place in which to work.    If the exercise of
such reasonable care required defendant to put a barrier in
front of the shaft, then his duty to the plaintiff required
him to put up such barrier.    If the exercise of reasonable
care required defendant to notify plaintiff that there was

such open shaft a few feet behind him, then defendant owed to the plaintiff the duty to give him such notice.  Whether the exercise of reasonable care on the part of the defendant required him either to erect such barrier or give such notice was, as has been said, in our opinion a question of fact which should have been submitted to the jury.

It was of course the duty of the plaintiff to exercise reasonable care for his own safety and if the plaintiff ·knew, or if the shaft was so plainly visible to the plaintiff that if he had exercised reasonable care he would have known that the shaft was there, then it was not the duty of the defendant to notify him that there was a shaft behind him. Plaintiff had a right to assume that the place where he was ordered to work was reasonably safe and was not bound to make a careful inspection of the place and its surroundings before entering upon such work, but he was bound to use reasonable care to discover danger and to protect himself against danger.   If the shaft had been open on the north, protected only by bars or other barrier, or if the east end of the wall had not extended beyond the east side of the shaft, a different question would be presented.   But the shaft was enclosed on the north by a solid brick wall which went up to the ceiling.   When plaintiff came from the building upon the platform and went out to the wagon, there was to his right this solid brick wall which extended three feet beyond the east side of the shaft.   When he passed around the end of this wall the edge of the shaft was three feet behind him and the wagon was in front of him at the east end of the south platform, and he testified that he walked out to the wagon without turning back or looking behind him and without seeing the shaft.   Once at the wagon he had no occasion to turn around.   He only pulled the plates far enough to pull them off from the wagon and it was not until he came to a plate nine feet long, that he had occasion to take more than a step or two back from the side of the wagon.

Whether under the facts and circumstances shown by the evidence the exercise of reasonable care on the part of the

plaintiff required him to look to his right and rear as he passed around the end of the brick wall, or to turn and look behind him after he had passed east on the south platform, and whether he was guilty of contributory negligence in failing to do either were, we think, questions for the jury.

We do not think that it so clearly appears from the evidence, either that the defendant was not guilty of the negligence alleged in the declaration, or that the plaintiff was guilty of contributory negligence, as to authorize the trial court to direct a verdict for the defendant.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*