Peter Mygreen, Appellee, v. F. P. Smith, doing business as F. P. Smith Wire & Iron Works, Appellant.

## Gen. No. 15,494.

1. EVIDENCE—*when impeaching question sufficiently definite.* If the alleged contradictory testimony was not given at a previous "trial" but in a deposition which was used at a previous trial, the foundation thus laid though slightly inaccurate is sufficient to support the impeaching evidence.

2. EVIDENCE—*when question does not call for a conclusion.* A question as follows, "Was it in plain sight?" does not call for a conclusion.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. A. M. ROSE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 16, 1911. *Certiorari* denied by Supreme Court (making opinion final).

F. J. CANTY and J. C. M. CLOW, for appellant.

J. A. BLOOMINGSTON, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court. This case is before this court a second time.  There have

been three trials in the Circuit Court. On the second trial the Circuit Court directed a verdict in favor of the defendant, and on appeal to this court the judgment of the Circuit Court was reversed. (Peter Mygreen v. F. P. Smith, doing business, etc., 127 Ill. App. 426.) An examination of the statement of facts as set forth in the opinion of Mr. Justice Baker, and of the record in the case now before us, indicates that the evidence on the two trials was substantially identical. We will therefore, in this opinion, not restate the facts in the case.

A large part of appellant's brief is devoted to a discussion of the proposition that a verdict for the defendant should have been directed. As it has already been held by this court that the facts and circumstances were such that the case should have been submitted to the jury, both on the question of the defendant's negligence and on the question of contributory negligence on the part of the plaintiff, additional discussion of this contention at this time is unnecessary.

It is further asserted on the appeal before us that the court committed reversible error in its ruling on the admission and exclusion of testimony; in giving and refusing certain instructions; and in not granting a new trial on the further ground that the preponderance of the evidence was with the defendant.

By reference to the statement of facts hereinbefore referred to, it will be seen that this accident occurred in the taking off of iron plates from a wagon by the plaintiff, working with another. This was done by the two men putting hooks into holes in the plates, then walking backward, dragging them.

A witness on behalf of the plaintiff was asked the question, "How long had those hooks been in use that were in the Tribune Building there?" An objection was made to the same, and it was stated by the plaintiff that no claim was made that there was anything the matter with the hooks. The witness answered: "I know we used them ever since we began to lay plates." In answer to other questions the witness stated that he had seen the hooks slip before, when the

same kind of work was being done. Motions to strike these answers from the record were overruled and exceptions taken.

We do not think that any error was committed in these rulings. The purpose of the testimony evidently was to show that it was not uncommon for the hooks to slip in the ordinary course of such work, and that knowing that fact the defendant should have anticipated that they might slip, and therefore should have protected the workmen from falling into the elevator shaft, that being the particular act of negligence upon which the right to recovery was claimed.

On the cross-examination of the witness Gustave Anderson, he was asked whether on a previous trial he had not answered a question as to whether or not it was perfectly light, by saying, "perfectly light," and the answer of the witness was, "No, sir, not that I remember." The appellant later asked to offer in evidence a part of a deposition which was filed and in which the question and answer appeared to be as contained in the question made the ground of impeachment. The question put evidently referred to an oral examination had at a trial in 1904. The impeaching question appears in a written deposition filed. We think that that portion of the deposition, notwithstanding this fact, ought to have been allowed to go to the jury, but we do not regard the error as sufficient to warrant a reversal on that ground.

Exception is taken to the action of the court in sustaining an objection to a question referring to the hoist: "Was it in plain sight?" Witness had previously stated, "You could see the hoist from the alley; in the alley is where I would be." While the question might not be improper as calling for a conclusion, still we do not think that the case should be reversed because the question was not allowed to be answered.

It is next contended by the appellant that the open hoistway door was not the proximate cause of the accident. As heretofore stated, this court has previously determined, upon a record substantially the same as the one before us, that the case was one to be submitted to the jury, and so in effect held that it was for the jury to say whether or not the open hoist-

way door was the proximate cause of the accident; and that conclusion is adhered to in the present appeal.

Twenty-one instructions were given to the jury, five at the instance of the plaintiff and sixteen at the instance of the defendant. Complaint is made of one instruction given on behalf of the plaintiff, and to the modifying of certain of the instructions and the refusing to give certain other instructions as requested by the appellant. We have carefully examined the instructions as given, and are satisfied that they correctly advised the jury as to the legal questions involved in the case and were in consonance with the opinion of this court rendered at the time when the case was last before it.

Finding no reversible error in the record, the judgment is affirmed.

*Judgment Affirmed.*